THORNE DONNELLEY, PETITIONER, v. COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 79040.   Promulgated January 14, 1938.

*Preston Boyden, Esq.*, and *Theodore Hardeen, Jr., Esq.*, for the
petitioner.

*Eugene G. Smith, Esq.*, for the respondent.

#### OPINION.

MURDOCK: The Commissioner determined a deficiency of $4,638.97
in the petitioner's income tax for the calendar year 1932.  The only
issue in the case is whether or not the Commissioner erred in includ-
ing in the petitioner's income $11,532.75 of dividends and $3,916.50
of other income from a trust.  The facts have been stipulated and no
good purpose would be served in setting forth the stipulation here.

The petitioner and his then wife, Helen Pauling Donnelley, were
divorced on April 13, 1931.  Immediately prior to the divorce a
property settlement was made between the petitioner and his wife.
The petitioner, pursuant to that agreement, assigned to his wife his
interest to the extent of $30,000 per annum in the income of a trust
theretofore created for him by his deceased mother.  The decree of
divorce incorporated and sanctioned the provisions of the property
settlement, including the assignment.  Thereafter the trustee paid
the trust income directly to the wife.  There is no evidence that the
divorced wife remarried.  The Commissioner in determining the de-
ficiency held that $15,449.25, being income earned by the trust and
paid to the wife pursuant to the terms of the property settlement in
1932, was income taxable to the petitioner.  This income consisted
of dividends in the amount of $11,532.75 and ordinary income in the
amount of $3,916.50.

The Commissioner in support of his determination relies upon the
case of *Douglas* v. *Willcuts*, 296 U. S. 1, and other more recent cases
following that decision, including *Helvering* v. *Brooks*, 82 Fed. (2d)
173, reversing 31 B. T. A. 70; *Commissioner* v. *Hyde*, 82 Fed. (2d)
174, reversing 31 B. T. A. 256; *Albert C. Whitaker*, 33 B. T. A. 865;
*Alsop* v. *Commissioner*, 92 Fed. (2d) 148.  The petitioner points out
that in those cases the husband had established a trust in contempla-

tion of the pending divorce, whereas here no trust was established by him; instead, this petitioner assigned a part of his interest in a trust theretofore created by his mother at a time when there was no thought of the divorce. He claims that this difference serves to distinguish this case from those relied upon by the Commissioner. He argues that he had a right to irrevocably assign a portion of the income to which he was entitled under the trust established by his mother, and, having made an irrevocable assignment, he was relieved of any further duty to pay income taxes upon the trust income, citing *Blair* v. *Commissioner*, 300 U. S. 5; *Commissioner* v. *Field*, 42 Fed. (2d) 820, and other cases. The Commissioner concedes that the petitioner had a right to irrevocably assign the income from the trust, and makes no argument that under other circumstances the petitioner would have been liable for income tax on the income of the trust after the assignment. But he argues that the income of the trust under the circumstances of this case is taxable to the petitioner for reasons set forth in the cases first cited.

Although the trust created by the petitioner's mother was not made in contemplation of the divorce, the assignment of the income from that trust by the petitioner was manifestly made in contemplation of the divorce. The court was not bound by the agreement, but had authority to make full allowance to the wife out of her husband's property and to set up a trust to give effect to that allowance. Being satisfied with the provision made through the assignment, the court incorporated that provision in its decree and made the terms of the assignment its own. It was from this action of the court that the assignment derived its force. "Amounts paid to a divorced wife under a decree for alimony are not regarded as income of the wife but as paid in discharge of the general obligation to support, which is made specific by the decree. * * * Upon the preexisting duty of the husband the decree placed a particular and adequate sanction, and imposed upon petitioner the obligation to devote the income in question, through the medium of the trust, to the use of his divorced wife." *Douglas* v. *Willcuts, supra.* The following is a further quotation from the same case:

In the present case, the net income of the trust fund, which was paid to the wife under the decree, stands substantially on the same footing as though he had received the income personally and had been required by the decree to make the payment directly.

Other statements of the Supreme Court in the *Douglas* v. *Willcuts* case and statements of the lower courts in the other cases cited by the respondent lead us to believe that the principle of the *Douglas* v. *Willcuts* decision is applicable here and that the difference in the facts pointed out by the petitioner does not serve to distinguish the cases.

The petitioner in his brief makes a statement of the facts, including a statement that the dower interest of the wife had an annual income value at the date of the decree of a certain amount. No argument is made on this point. Also, there is reference in the property settlement to rights and claims other than alimony. However, the evidence is insufficient to permit any segregation or allocation whereby less than the full amount of the trust income can be allocated to the provision for alimony.

*Decision will be entered for the respondent.*